## THOMAS ROBINSON *vs.* WILLIAM E. BURTON.

In an action by a father for the seduction of his daughter, evidence of promise of marriage is not admissible as a ground of damage; but may be given to explain the daughter's conduct, if she is attacked.
The defendant's condition as to property may be inquired into.
And the plaintiff's dissolute habits; but not his general reputation in this respect.
The character of the daughter is in issue
Proof of slight acts of service will entitle the plaintiff to recover for loss of service.
Damages enhanced by seduction: may be exemplary, or punitive, in aggravated cases.

ACTION of trespass on the case, for seduction of plaintiff's daughter. The daughter was called as a witness and proved that she lived

with her father, and did such acts of service as are usual in a house, and that the defendant seduced her.

*Question.*—Did he ask you to marry him ?    Objected to.

*Mr. Cullen.*—The object of the question is to prove a breach of promise of marriage. This is inadmissible in this action ; because it would be the subject of another action by the girl herself. (3 *Camp. N. P.*, 519 ; 7 *Wend. Rep.*, 193 ; 1 *Johns. Rep.*, 299 ; 3 *Wils. Rep..* 18.)

*Mr. Bayard.*—I might avoid answering the argument, because the question only goes to prove attentions as a suitor ; but we want a decision by the court on the right to prove a breach of promise, which to say the least, is as yet a vexed question.

The fiction on which this action was founded, has been thrown away. Whatever its form, the object is to recover damages for the entire injury resulting from the act. And as regards the question of damages, the amount depends upon the relative character of the parties, and the circumstances under which the seduction was accomplished. The loss of service is the ground of action, the seduction and its consequences are the ground of damage. I admit that the jury should be told not to give damages for the breach of promise ; but the promise ought to be given in evidence, to show the manner of the seduction.

The decisions have been fluctuating, dependent on the progressive character of the object itself ; and evidence has been admitted not merely of promise of marriage, but of solicitation to destroy the child in aggravation of damages. (3 *Steph. N. P.*, 2355 ; *Rosc. Evid.* ; 2 *Eng. Exch.*, 343, [5 *Price*, 641;] 3 *Stark. Ev.*, 1310 ; 2 *Greenl. Ev.*, 475, § 579.)

On principle the promise of marriage being an aggravation of the circumstances under which the seduction is effected, and that aggravation being the rule of damages ; such promise is proper evidence in an action by the father ; though no damages can be given *to him* for the *breach* of that promise. And it is no answer that it might be evidence in an action by the daughter, for the breach of promise. The same promise may be a ground of damage to both father and daughter, and the true measure of damage cannot be reached without allowing the evidence in both actions.

*By the Court.*

BOOTH, *Chief Justice.*—The question asked may be answered ; and, though we hesitate somewhat as to the propriety of the other on

principle, we think the authorities are against proving the promise of marriage.

Another witness was asked if the defendant was a man of property, which was objected to.

*Mr. Cullen.*—Damages are to be given for the plaintiff's injury; the outrage to his feelings; and not according to the poverty or wealth of the defendant. (2 *Leigh N. P.*, 1461.)

*Mr. Bayard.*—All the cases agree that exemplary damages may be given in these cases, and to judge of what is exemplary in a particular case, the defendant's wealth must be measured. (2 *Term Rep.*, 4; *Johnson* vs. *Collins, Supreme Court, Kent; Springer* vs. *Barker, N. Castle county.*)

*The Court* admitted the evidence on the authority of these cases, and the general understanding of the bar. (See 4 *Harr. Rep.*, 520; 5 *Greenl. Ev.*, § 269; and que. as to 4 *Harr. Rep.*, 520.)

For the defence, a witness was asked if the plaintiff's character was that of a man notoriously addicted to women? This was objected to.

*Mr. Bayard.*—It is entirely too general, and inadmissible. If they can show that he connived at the debauchery of his daughter, or did not pay proper attention to his daughter's conduct, it may be admissible.

*Mr. Cullen.*—The question is, what damages shall be given to this man for his violated feelings. If he has been notoriously guilty himself, how can he complain if retributive justice overtakes him? We propose to prove him a man of profligate principles, and practices conformable to them. (2 *Greenl. Ev.*, 475.)

*Mr. Saulsbury.*—It is conceded that the social condition and character of the plaintiff are in issue. If not, how is the injury to his wounded feelings to be measured?

*Mr. Houston.*—Is the plaintiff to come prepared to defend his own character, in an action for the seduction of his daughter? In actions of crim. con., the adultery of the husband may be proved, as a kind of forfeiture of his remedy; it leads to the misconduct of his wife. But how are the dissolute habits of the father, having no relation to the lapse of his daughter, to be given in evidence for the seducer of his daughter? (*Stark. Ev.*, 1310.)

*By the Court.*

HARRINGTON, *Justice.*—This action is anomalous, and presents peculiar difficulties in the application of rules of evidence. It is

based on the father's loss of his daughter's service; but the damages, instead of being confined to the apparent cause of action, are made to apply to the domestic and social wrong. Hence damages are allowed for the wounded feelings of the parent; the stain on the reputation of the family; and may be even increased for public example. These considerations introduce the social condition of the parties, and the character of the party sued. If her conduct be loose, her principles depraved, or her character bad, the injury is not the same as if the defendant had seduced a lady of correct principles, modest demeanor and pure life. For the same reason, the father's principles and habits seem to be involved. If he connive at an improper intercourse with his daughter; neglect to surround her with proper guards, or to exercise a proper vigilance over her conduct; this would be considered in the estimate of damages. And if his principles be loose, and his habits dissolute in reference to the intercourse of the sexes; if he neglect to teach his daughters virtuous principles, or corrupt them by the avowal of contrary principles and by a vicious life; if he, by precept and example, break down the barriers of virtue in the minds of his children, how can such a man be entitled to the same measure of damages for the seduction of his daughter, as a virtuous and correct parent would be? Does he not by such conduct, lead to his children's ruin, more than by mere inattention to the character of their visitors, or the circumstances attending their visits? If a husband and father should introduce a mistress into his family, the corrupting influence of such an example would necessarily render the daughters more accessible to the seducer; and would properly enter into the question of what damages such a father should have for the seduction.

We will allow the defendant to give evidence, in mitigation of damages, of the profligate principles and is solute habits of the plaintiff, as regards his intercourse with women. (*Rosc. Civ. Ev.*, 368; 2 *Greenl. Ev.*, § 269, § 579.)

Question.—What is the general reputation of Thomas Robinson, in regard to looseness with women of dissolute character? Objected to.

*Mr. Houston.*—It is not a matter to be proved by reputation. It is to be proved only from facts and habits tending to show dissolute conduct.

*Mr. Saulsbury.*—The daughter's character may be proved by general reputation. (3 *U. S. Dig.*, 404.)

*The Court.*—We do not think that this can be proved by mere general reputation, as in case of proof of want of veracity. That rests on general report, and cannot be proved by particulars, and it is followed by the witness' own judgment as to the effect of such general reputation. The general character of the plaintiff for dissolute habits, on the contrary, can be proved by particulars, and the witness cannot give his impressions with regard to it. The question, therefore, is too broad; but you may prove any declarations or conversations of the plaintiff, tending to show that he is a man of profligate principles; any facts showing him to be of dissolute habits in reference to this matter; or that his general habits of association with improper persons, are such as to injure his character for virtue. As to the argument that he has no notice of, and cannot be expected to defend himself against, evidence of such charges. That begs the question. If his character is, in these respects, in issue by the nature of the action, he has notice.

The defence having attacked the character of the plaintiff's daughter, by offering to prove her improper conduct towards the defendant, she was called in reply, and asked if she was affianced to Edward Burton, before any act of criminal familiarity with him took place? This was objected to.

*Mr. Cullen.*—The court, upon argument, has ruled out evidence of a breach of promise of marriage, because that is the subject of another action.

*Mr. Bayard.*—We offer it in reply to the attack on the witness' character. They have proved acts of familiarity on her part towards the defendant, to show levity of conduct, and that she sought his company. It is legitimate evidence in reply to this, to show that she was his affianced wife when these familiarities, not criminal in themselves, took place; and which would fully excuse them, without casting any imputation on her as bold or forward.

*Mr. Houston.*—The ruling in the cases is no more than that as original evidence, this testimony is not admissible; the case in *Price* shows that it is admissible, even after a general charge of profligacy against the girl. The particular charge is made here, and the acts offered to sustain it, are fully explained by this evidence, which is in reply.

*Mr. Cullen* replied.

*The Court.*—The evidence is not offered as the ground of damage, and will not be admitted for that purpose.   But to explain the conduct of the young lady, which has been charged with throwing herself in the defendant's way and making improper advances to him, it is fair and legitimate evidence that they were at that time engaged to be married.

In the charge to the jury, the *Court* affirmed the following principles:

1. In the action for seduction, though there must be some proof of the daughter's services; a minor living in her father's house is his servant, and the performance of ordinary duties, however slight, will be sufficient evidence to ground a claim for loss of service.

2. Proof of debauchery alone would be sufficient to enable the plaintiff to recover damages for the loss of service, and the lying in expenses, unless he connived at it.

3. But if the seduction was proved, the jury were at liberty to give damages for wounded feelings and the dishonor; even for public example and punishment in an aggravated case.

4. Matters in mitigation of damages may be: 1. The profligate principles and immoral conduct of the father.   2. The loose character or conduct of the girl.   As to the breach of promise of marriage, that is not to be considered as a ground of damage; but the fact of an existing engagement may be considered in estimating the levity of the girl's conduct, or her advances to the defendant.

Verdict for plaintiff, $1,900.